**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 06-CR-20630
                                                          Honorable Denise Page Hood

LEVENCE MICKELE QUICK (D1),

        Defendant.

_____/

**ORDER DENYING EMERGENCY MOTION FOR INTERRUPTION OF SENTENCE**

        Now before the Court is Defendant Levence Quick's Emergency Motion for Interruption of Sentence, filed November 30, 2012. On January 18, 2007, Quick plead guilty to Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1); two counts of Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1); two counts of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); and Possession with Intent to Distribute More than Five Grams of Cocaine Base, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On May 17, 2007, he was sentenced to 120 months. He is now in the custody of the Bureau of Prisons (BOP). Quick requests that the Court interrupt his sentence for approximately four days so that he could attend the funeral service of his grandmother. Quick notes that he would reside with his mother and follow all conditions of temporary release. Quick requested leave from the BOP, but was denied. *See* 18 U.S.C. § 3622(a)(2).

        Quick relies on the All Writs Act, 28 U.S.C. § 1651(a), which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute

specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). 18 U.S.C. § 3622(a)(2) gives the Bureau of Prisons the exclusive authority to temporarily release a prisoner in order to "attend[] a funeral of a relative." The Court may modify a sentence only under a limited number of circumstances. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . .")

The All Writs Act does not appear to confer an independent basis for jurisdiction to modify Quick's sentence or grant a temporary release. Absent controlling authority, the Court declines to exercise jurisdiction over this matter. *See United States v. Frost*, 2012 U.S. Dist. LEXIS 100842, 2 (W.D. Wis. Jul. 19, 2012) (unpublished) (finding that the Court does not have authority under the All Writs Act to "micro-manage the Bureau of Prisons' processing and placement of . . . defendant . . ."); *United States v. Anderson-Bagshaw,* 2012 U.S. Dist. LEXIS 91979, 3-4 (N.D. Ohio July 3, 2012) (unpublished) (finding that court does not have jurisdiction to authorize a furlough); *United States v. Morris,* 2012 U.S. Dist. LEXIS 62993, 1-2 (E.D. Wash. May 4, 2012) (unpublished) ("The undersigned is not persuaded that the All Writs Act allows this Court to circumvent the authority which Congress has vested in the BOP to grant temporary releases to federal prisoners. . . . The Defendant must seek relief from the BOP."); United *States v. Pippenger*, 2011 U.S. Dist. LEXIS 137425, 1-2 (D.S.D. Nov. 29, 2011) (unpublished) (finding that the Court does not have authority to review a Bureau of Prisons decision to deny temporary release); *Hedlund v. United States*, 2011 U.S. Dist. LEXIS 101717, 2-3 (N.D. Ca. Sept. 9, 2011) (unpublished) ("the All Writs Act does not confer independent jurisdiction on a court to grant an Interruption of Sentence."); *United States v. Greer*, 2010 U.S. Dist. LEXIS 92476, 1-2 (E.D. Wis. Aug. 19, 2010) (unpublished) ("Under 18

U.S.C. § 3622(a), the BOP may release a prisoner for specified purposes, including to visit dying relatives or attend funerals, but nothing in that statute appears to confer similar power on the sentencing court."); *United States v. Reed*, 2008 U.S. Dist. LEXIS 91241, 5-6 (C.D. Ill. Oct. 28, 2008) (unpublished) ("This court, . . . without further guidance on the issue from the Seventh Circuit, agrees that it does not have jurisdiction to grant a temporary interruption of sentence and that that power remains exclusively with the Bureau of Prisons."). The Court is sympathetic to Quick's desire to attend his grandmother's funeral. However, he must seek such relief from the Bureau of Prisons. The Court does not have the authority to grant the relief Quick requests.

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion for Interruption of Sentence [Docket No. 25, filed November 30, 2012] is **DENIED**.

**IT IS SO ORDERED**.

> S/Denise Page Hood
> Denise Page Hood
> United States District Judge

Dated: December 5, 2012

I hereby certify that a copy of the foregoing document was served upon Levence Mickele Quick #40980-039, P.O. Box 1000, Oxford, WI 53952 and counsel of record on December 5, 2012, by electronic and/or ordinary mail.

> S/LaShawn R. Saulsberry
> Case Manager

3